Neef & Whigham *v.* Gas Company.

NEEF & WHIGHAM *v.* CHATTANOOGA GAS LIGHT CO.

SUPREME COURT PRACTICE. *Depositions. Bill of exceptions.* Depositions taken before a clerk on a reference by the judge of a law court in a lawsuit before him, and made the basis of the clerk's report, are not part of the record of the suit, unless made so by bill of exceptions.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

TOMLINSON FORT for Neef & Whigham.

A. J. CALDWELL for Gas Company.

DEADERICK, C. J., delivered the opinion of the court.

A motion is made by defendant to rescind the order entered upon a former day of this term, upon a suggestion of diminution of the record, made by plaintiffs, awarding a *certiorari* for a more perfect transcript of the proceedings in the court below. The order as entered reserves the question of costs, and also the fact as to whether any diminution is shown to exist.

The suit was begun and determined in the circuit court of Hamilton, by plaintiffs, to recover for work and labor done for defendants. It was tried by his

Honor, the circuit judge, who ordered an account to be taken by the clerk a a commissioner, showing the state of accounts between the parties. Upon report being made, exceptions were taken on both sides, and judgment rendered by the court. From this judgment the plaintiffs have appealed to this court.

The court was authorized to appoint the clerk or a commissioner to state the account between the parties, to aid him in the right determination of the case. And although this practice is like that pursued in chancery, a cause pending in a law court, legal in its character, as contradistinguished from equitable, does not thereby, in a court of law, become subject to the rules of chancery practice.

The diminution insisted on, consists in the failure of the clerk to transcribe and send up with the record, the depositions upon which he founded his report, and upon which the court acted. But there is no bill of exceptions making these depositions part of the record, and they are not part of the record unless made so by bill of exceptions.

The mere reference of the clerk to the deposition of A or B, as sustaining the fact or charge reported by him, does not make the depositions part of the record, or authorize him to transcribe them as part of the record.

Nor does the fact that a judge, in law cases, decides the questions of law and fact therein, as in chancery, make the case one falling within the rules of chancery practice and procedure. He determines facts, under the same rules as those applied by this court in cases

of facts found by a jury. If they are sufficiently sustained by the evidence, his finding is conclusive. If wholly unsupported by evidence, his finding will be set aside. If he is sustained by the evidence in his finding upon the facts, but is in error in his conclusions of law, his judgment would be reversed. So in cases where a jury is dispensed with, the judge exercises its functions, as well as those pertaining to him as judge.

This is a law case, tried under rules applying to cases at law, and the evidence, whether it be oral or in depositions, can only be made a part of the record by bill of exceptions.

There not having been any bill of exceptions in this case, the order heretofore entered awarding *certiorari* will be vacated and the writ refused. The costs incident to the motion will be paid by plaintiffs.